UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of
THE ARBITRATION
between
THE TRUSTEES OF THE
UNITE HERE NATIONAL HEALTH FUND and
THE TRUSTEES OF THE
UNITE HERE NATIONAL RETIREMENT FUND,
Petitioners,
and
138 TOP INC.
Respondent.

**DEFAULT JUDGMENT**
**07 Civ. 6927 (LTS)**

The Trustees of the UNITE HERE National Health Fund and the Trustees of the UNITE HERE National Retirement Fund (hereinafter, the "Petitioner") having commenced the within proceeding on August 2, 2007 by filing a Petition to Confirm Arbitration Award (hereinafter, the "Petition"), and 138 Top Inc. (hereinafter, the "Respondent") having been duly served on August 3, 2007 with a copy of the Petition, Notice of Petition and Memorandum of Law by regular mail and certified mail, return receipt requested, and proofs of such service having been filed with the Court on August 6, 2007, and Respondent having failed to appear, answer or otherwise move with respect to the Petition, and in light of the fact that the Court is being asked to confirm a default arbitration award, and in accordance with the Second Circuit opinion in D.H. Blair & Co., Inc. –v.- Gottdienner, 462 F.3d 95 (2d Cir. 2006), this Court has examined the record upon which the underlying arbitration award was based, and finds that the record supplied to the arbitrator is a sufficient basis for the award, and the Court having issued its Order on September 26, 2007 granting the Petitioners' request to move for confirmation of the Arbitration Award and entry of judgment; it is now

**ORDERED, ADJUDGED AND DECREED**, that the Arbitration Award of Philip Ross, dated June 29, 2007, is hereby confirmed in all respects; and it is further

**ORDERED, ADJUDGED AND DECREED**, that Petitioner Trustees of the UNITE HERE NATIONAL HEALTH FUND, have judgment against Respondent 138 Top Inc. on the Arbitration Award in the principal amount of $87,525.50 for delinquent contributions, $11,598.33 for interest thereon through the date of the Award, $11,598.33 for liquidated damages, $50.00 for the Arbitrator's fees, $100.00 for a default fee as provided in Article 26, Section 5(b) of the collective bargaining agreement underlying the Award, $75.00 for legal fees, and $4,376.27 for pre-judgment interest from the date of the Award to October 22, 2007, for a total of $115,323.43; and it is further

**ORDERED, ADJUDGED AND DECREED** that Petitioner Trustees of the UNITE HERE NATIONAL RETIREMENT FUND have judgment against Respondent 138 Top Inc. on the Arbitration Award in the principal amount of $2,608.00 for delinquent contributions, $621.74 for interest thereon through the date of the Award, $621.74 for liquidated damages $50.00 for the arbitrator's fees, $100.00 for a default fee as provided in Article 26, Section 5(b) of the agreement underlying the Award, $75.00 for legal fees, and $130.40 for prejudgment interest from the date of the Award to October 22, 2007, for a total of $4,206.88; and it is further

**ORDERED, ADJUDGED AND DECREED** that Petitioners Trustees of the UNITE HERE NATIONAL HEALTH FUND and Trustees of the UNITE HERE NATIONAL RETIREMENT FUND have judgment against Respondent 138 Top Inc. for $350.00 as costs of the instant proceeding; and it is further

**ORDERED, ADJUDGED AND DECREED** that interest accrues at the legal note on the damages ordered herein from the date of entry of judgment until the judgment is paid.

Dated: _____
    New York, New York

                                           _____
                                           Judge Laura Taylor Swain

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of<br>THE ARBITRATION<br>between<br>THE TRUSTEES OF THE<br>UNITE HERE NATIONAL HEALTH FUND and<br>THE TRUSTEES OF THE<br>UNITE HERE NATIONAL RETIREMENT FUND,<br>Petitioners,<br>and<br><br>138 TOP INC.,<br>Respondent. | **AFFIDAVIT IN SUPPORT<br>OF ENTRY OF<br>DEFAULT JUDGMENT<br>07 Civ. 6927 (LTS)** |

STATE OF NEW YORK    )
                     ) ss.
COUNTY OF NEW YORK   )

**MARK SCHWARTZ, ESQ.**, being duly sworn, deposes and says:

1.      I am the attorney for The Trustees of the UNITE HERE National Health Fund and the Trustees of the UNITE HERE National Retirement Fund (hereinafter, the "Petitioners"), am duly admitted to practice law before the Honorable Court and am fully familiar with the prior proceedings had herein.

2.      I make this Affidavit pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Rule 55.2(b) of the Civil Rules of this Court in support of the Petitioner's Application for Entry of Default Judgment against 138 Top Inc. (hereinafter, the "Respondent").

3.      This proceeding was commenced on August 2, 2007 by filing a Petition to Confirm the Arbitration Award of Philip Ross, dated June 29, 2007 (hereinafter, the "Petition"), awarding $87,525.50 in delinquent contributions owed to Petitioner, The Trustees of the UNITE HERE National Health Fund and $2,608.00 in delinquent contributions owed to Petitioner, The Trustees of the UNITE HERE National Retirement Fund together with interest, liquidated damages, fees and costs pursuant to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1001 et seq. A copy of the Petition and supporting documentation is annexed hereto, as **Exhibit A**.

4.      The Respondent defaulted in appearing at the arbitration proceeding that resulted in the June 29, 2007 arbitration award.

5.      At the arbitration the Petitioners provided the Arbitrator with the following proof of the Respondent's liability:

    a.      The provisions of the collective bargaining agreement obligating Respondent to make employee benefit contributions to Petitioners and obligating the parties to arbitrate disputes, including disputes over delinquent employee benefit fund contributions;

    b.      The Notice of Intention to Arbitrate;

c.    A subpoena duly served on Respondent, requiring Respondent to produce all books and records necessary to compute the exact sum owing to Petitioners by Respondent; and

d.    An exhibit showing the period for which the award was sought and that by application of the contribution rates for each delinquent month resulted in a total liability of $87,525.50 owed to the Trustees of the UNITE HERE National Health Fund and in a total liability of $2,608.00 owed to the UNITE HERE National Retirement Fund (See, Exhibit A and C attached to the August 2, 2007 Petition to Confirm Arbitration Award). The Arbitrator awarded these amounts to the Petitioners. The Petitioners also proved to the arbitrator that the Respondent had failed to produce its books and records as required by a subpoena so that an award based on an average of Respondent's prior contributions was proper.

6.    As the record presented to Arbitrator Ross is a sufficient basis for the Award, the instant petition complies with the standard for default judgments established in D.H. Blair & Co., Inc. –v. – Gottidiener, 462F.3d 95 (2d Cir. 2006).

7.    This proceeding seeks Judgment for the Trustees of the UNITE HERE National Health Fund for the principal amount of $87,525.50 in delinquent contributions, $11,598.33 in interest through the date of the Award, $11,598.33 in liquidated damages, $50.00 for the arbitrator's fees, $100.00 for a default fee as provided in Article 26, Section 5(b) of the collective bargaining agreement underlying the Award, $75.00 for legal fees, $4,376.27 for pre-judgment interest from the date of the Award through October 22, 2007 all totaling $115,323.43. This proceeding also seeks judgment for the Trustees of the UNITE HERE National Retirement Fund for the principal amount of $2,608.00 in delinquent contributions, $621.74 in interest through the date of the Award, $621.74 in liquidated damages, $50.00 for the arbitrator's fees, $100.00 for a default fee as provided in Article 26, 5(b) of the collective bargaining agreement underlying the Award, $75.00 for legal fees, $130.40 for pre-judgment interest from the date of the Award through October 22, 2007 all totaling $4,206.88. The proceeding also seeks costs of $350.00. The amounts sought are justly due and owing and no part of which have been paid.

8.    This Court has subject matter jurisdiction over the within action pursuant to ERISA Section 502(f), 29 U.S.C. § 1132(f).

9.    This Court has personal jurisdiction over the Respondent in accordance with the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(e)(2) which provides in pertinent parts:

Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where defendant resides or may be found, and process may be served in any other district where defendant resides or may be found.

10.    Respondent was served on August 3, 2007 with a copy of the Petition together with the Notice of Petition and Memorandum of Law by regular mail and certified mail, return receipt requested, addressed to Respondent's business premises at 138 Mulberry Street, 6th Floor, New York, New York 10013.   Copies of the Affidavits of Service are annexed hereto, as **Exhibit B**.   Such service was in accordance with the provisions of the Collective Bargaining Agreement Article 44 thereof entered into by the Respondent. A copy of the Collective Bargaining Agreement is annexed hereto, as **Exhibit C.**

11.    The time for the Respondent to answer or otherwise move with respect to the Petition has expired, and to date the Respondent has failed to answer or otherwise move with respect to the Petition.

12.    No extensions of time to answer or otherwise move with respect to the Petition have been requested or granted.

13.    The Respondent is not an infant or incompetent person or in the military service of the United States.

14.    The Respondent has defaulted in appearance in the within action, which default has been duly noted by the Clerk of this Court as reflected in the Clerk's Certificate annexed to these papers.

15.    To date, the Respondent has not paid any portion of the debt due to the Petitioners and the total debt remains outstanding.

16.    No previous application for the relief requested herein has been made.

**WHEREFORE**, it is respectfully requested that the Court enter the annexed proposed default judgment against Respondent.

Mark Schwartz Esq – MS 0148

Sworn to, before me, this
29th day of October 2007.

ARMAND SPILOTROS
Notary Public, State of New York
No. O1SP4839358
Qualified in Queens County
Commission expires July 31, 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of
THE ARBITRATION
between
THE TRUSTEES OF THE
UNITE HERE NATIONAL HEALTH FUND
and
THE TRUSTEES OF THE
UNITE HERE NATIONAL RETIREMENT
FUND,
                                    Petitioners,


and


138 TOP INC.,
                                    Respondent.

**AFFIDAVIT IN SUPPORT
OF REQUEST FOR
INTEREST AND COSTS
07 Civ. 6927 (LTS)**

STATE OF NEW YORK        )
                         ) ss.
COUNTY OF NEW YORK       )

**MARK SCHWARTZ, ESQ.**, being duly sworn, deposes and says as follows:

1.      I am the attorney for  the Trustees of the UNITE HERE National Health Fund ("Health Fund") and the Trustees of the UNITE HERE National Retirement Fund ("Retirement Fund") (hereinafter, the "Petitioners").

2.      I submit this Affidavit in support of Petitioners' Request for Interest and Costs, in connection with their Application for Entry of Default Judgment.

3.      In an action to enforce Section 1145 of the Employee Retirement Income Security Act ("ERISA"), such as the instant proceeding, the Court is required by 29 U.S.C. §1132(g)(2) of ERISA to award the prevailing plan:

> (A)    the unpaid contributions,
> (B)    interest on the unpaid contributions,
> (C)    an amount equal to the greater of --
>        (i) interest on the unpaid contributions, or
>        (ii) liquidated damages provided for under the Plan…
> (D)    reasonable attorney's fees and costs of the action, to be paid by the respondent, and
> (E)    such other legal or equitable relief as the court deems appropriate.
>        For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the Plan…

4.      The Arbitration Award dated June 29, 2007, awarded Petitioners interest on the delinquent contributions through the date of the award.

5.      Annexed hereto is a copy of the applicable Plan documents for the UNITE HERE National Health Fund and the UNITE HERE National Retirement Fund.  The Plan documents provide for an interest rate on unpaid contributions at 1% per month or part thereof.

6.      The amount of interest on the Respondent's outstanding contributions has been calculated by the Petitioners from June 24, 2007 through October 22, 2007 at $4,376.27 for the UNITE HERE National Health Fund and $130.40 for the UNITE HERE National Retirement Fund.  Pursuant to ERISA Section 1132(g)(2), Petitioners may recover the costs of the instant proceeding in the amount of $350.00

Dated:  October 29, 2007
        New York, New York

Mark Schwartz, Esq. ⊲MS 0148

Sworn to, before me, this
29th day of October 2007.

CARMAND SPILOTROS
Notary Public, State of New York
No. O1SP4839358
Qualified in Queens County
Commission expires July 31, 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of
THE ARBITRATION
between
THE TRUSTEES OF THE
UNITE HERE NATIONAL HEALTH FUND and
THE TRUSTEES OF THE
UNITE HERE NATIONAL RETIREMENT FUND,
Petitioners,
and
138 TOP INC.,
Respondent.

**STATEMENT OF DAMAGES**
**07 Civ. 6927 (LTS)**

### UNITE HERE NATIONAL HEALTH FUND

| | |
|---|---:|
| DELINQUENT CONTRIBUTIONS: | $87,525.50 |
| INTEREST PER AWARD | $11,598.33 |
| LIQUIDATED DAMAGES | $11,598.33 |
| INTEREST FROM AWARD TO OCTOBER 22, 2007 | $4,376.27 |
| ARBITRATOR'S FEES: | $ 50.00 |
| DEFAULT FEE: | $100.00 |
| ATTORNEYS' FEES: | $75.00 |
| **TOTAL OWING TO THE HEALTH FUND** | **$115,323.43** |

### UNITE HERE NATIONAL RETIREMENT FUND

| | |
|---|---:|
| DELINQUENT CONTRIBUTIONS: | $2,608.00 |
| INTEREST PER AWARD | $621.74 |
| LIQUIDATED DAMAGES | $621.74 |
| INTEREST FROM AWARD TO OCTOBER 22, 2007 | $130.40 |
| ARBITRATOR'S FEES: | $50.00 |
| DEFAULT FEE: | $100.00 |
| ATTORNEYS' FEES: | $75.00 |
| **TOTAL OWING TO THE RETIREMENT FUND:** | **$4,206.88** |
| **UNITE HERE NATIONAL HEALTH FUND AND UNITE HERE NATIONAL RETIREMENT FUND FILING FEE** | **$350.00** |

UNITED STATES DISTRICT COURT.
SOUTHERN DISTRICT OF NEW YORK

In the Matter of
THE ARBITRATION
between
THE TRUSTEES OF THE
UNITE HERE NATIONAL HEALTH FUND and
THE TRUSTEES OF THE
UNITE HERE NATIONAL RETIREMENT FUND,
Petitioners,

and

138 TOP INC.,
Respondent.

**CLERK'S CERTIFICATE**
**07 Civ. 6927 (LTS)**

I, J. Michael McMahon, Clerk of the United States District Court for the Southern District of New York, do hereby certify that the docket entries in the above-entitled proceeding reflect that the Petition to Confirm Arbitration Award of Philip Ross, was filed on August 2, 2007, and that the Respondent was served a copy by regular mail and certified mail, return receipt requested, on August 3, 2007 by service on 138 Top Inc and proofs of service having been filed with the court on August 6, 2007.

I further certify that the docket entries reflect that the Respondent did not appear, answer or otherwise move with respect to the Petition. The default of the Respondent is hereby noted.

Dated: SEPT 21, 2007
       New York, New York

_____
                 Clerk of Court

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of
ARBITRATION OF DISPUTES

between

THE TRUSTEES OF THE
UNITE HERE NATIONAL HEALTH FUND and
THE TRUSTEES OF THE
UNITE HERE NATIONAL RETIREMENT FUND,
Petitioners,

and

138 TOP INC.,
Respondent.

**PETITION TO CONFIRM
ARBITRATION AWARD**

STATE OF NEW YORK    )
                     ) ss.
County of New York   )

The Petition of The Trustees of the UNITE HERE National Health Fund and The Trustees of the UNITE HERE National Retirement Fund (hereinafter, the "Petitioners"), by their attorney Mark Schwartz, respectfully shows to this Court and alleges that:

1.    I am Counsel to Petitioners herein and am duly admitted to practice law before the Courts of the State of New York and before this Honorable Court and am fully familiar with the prior proceedings had in this matter. I submit this Petition in support of Petitioners' application for an Order confirming the Arbitration Award of Philip Ross (hereinafter, the "Arbitrator"), dated June 29, 2007.

2.    The Trustees of the UNITE HERE National Health Fund and The Trustees of the UNITE HERE National Retirement Fund (hereinafter, the "Funds"), with their sole office at 730 Broadway, New York, New York 10003-9511, is an employee benefit plan within the meaning of Section 3 (3) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter, "ERISA"), 29 U.S.C. 1002 (3), established pursuant to an Agreement and Declaration of Trust and by a Collective Bargaining Agreement entered into between the Amalgamated Clothing and Textile Workers Union, AFL-CIO, CLC, presently known as UNITE HERE (hereinafter, the "Union"), and employers in the men's and boy's clothing industry. The Funds were created to provide benefits to eligible employees of contributing employers. Employer contributions and income earned thereupon are the sole source of funding. The employees themselves do not contribute to the Funds through union dues or otherwise.

3.    138 Top Inc. (hereinafter, the "Respondent"), is a party to a Collective Bargaining Agreement dated June 1, 2001 and a Memorandum of Agreement dated January 1, 2006 (the Collective Bargaining Agreement and the Memorandum of Agreement are collectively referred to

herein as the Collective Bargaining Agreement) entered into between the Sportswear Apparel Association, Inc. with Local 23-25 and Local 10 of the New York Metropolitan Area Joint Board of the Union. The Collective Bargaining Agreement obligates the employer to contribute to the Funds based upon stated percentages of its gross payroll.

4.    A dispute has arisen concerning Respondent's obligation to contribute to the UNITE HERE National Health Fund for the period of April 1, 2004 through September 30, 2006 in the amount of $87,525.50.

5.    A dispute has arisen concerning Respondent's obligation to contribute to the UNITE HERE National Retirement Fund for the period of April 1, 2004 through September 31, 2006 in the amount of $2,608.00.

6.    Pursuant to the Collective Bargaining Agreement, the dispute was referred to the Arbitrator for arbitration on June 29, 2007.

7.    After considering the evidence presented at the hearing, the Arbitrator issued an Arbitration Award directing the Respondent to pay the delinquent contributions to the UNITE HERE National Health Fund in the amount of $87,525.50 and to the UNITE HERE National Retirement Fund in the amount of $2,608.00, plus interest and incidental costs, for a total Award of $90,133.50. A copy of the Arbitration Award is annexed hereto as **Exhibit A**.

8.    Prior to the arbitration the Petitioners served a subpoena upon the Respondent directing it to produce its payroll records. A copy of the subpoena is annexed hereto as **Exhibit B**.

9.    The Respondent failed to appear at the arbitration hearing. At the hearing the Petitioners provided the preliminary audit findings after an examination of the Respondent's books and records for the period of April 1, 2004 through September 30, 2006, which revealed an audit deficiency due to the Petitioners, The Trustees of the UNITE HERE National Health Fund, in the amount of $87,525.50 and The Trustees of the UNITE HERE National Retirement Fund, in the amount of $2,608.00. A copy of the preliminary audit findings is annexed hereto as **Exhibit C**, which was reviewed by the Arbitrator.

10.    The arbitration award is based upon the preliminary audit findings prepared by the Petitioners and presented to the arbitrator. The Collective Bargaining Agreement provides that all disputes under the contract shall be submitted to Dr. Philip Ross for arbitration and final determination. Article 44 of the Collective Bargaining Agreement provides that:

> In the event of a default by either party or any member thereof, in appearing before the Impartial Chairman, after due written notice shall have been given to the said party through the Association or Union of which he is member, the Impartial Chairman is hereby authorized to render a decision upon the testimony of the party appearing.

11. .    The Collective Bargaining Agreement, entered into between the Sportswear Apparel Association, Inc. with Local 23-25 and Local 10 of the New York Metropolitan Area Joint Board, UNITE HERE and the Respondent, in Article 44, thereof states that:

The parties further agree all papers used in any application to a court in any proceeding to confirm the award of the Impartial Chairman, including process conferring jurisdiction upon the court, of the parties involved, may be made by regular or certified mail at the last known address or residence of the owner or officer.

12.     On July 9, 2007 the Petitioners served a copy of the Arbitration Award on Respondent by certified mail, return receipt requested and regular mail.

13.     To date, Respondent has not paid any part of the Arbitration Award.

14.     As a result of Respondent's failure to abide by the Arbitration Award, Petitioners now seek judicial enforcement thereof. As more fully demonstrated in the Memorandum of Law, this court has jurisdiction over Respondent.

**WHEREFORE,** your Petitioners pray for an Order confirming the Arbitration Award, and directing the entry of Judgment in the amount of $90,133.50 together with interest from the date of the Arbitration Award to the date of Judgment at the rate of 9%, liquidated damages pursuant to ERISA §502 (g) together with the costs incurred in connection with this Petition.

Dated:  August 1, 2007
        New York, New York

Mark Schwartz, Esq. – MS 0148
Attorney for Petitioners
730 Broadway, 10th Floor
New York, New York 10003
(212) 539-5275

**EXHIBIT A**

In the Matter of
ARBITRATION OF DISPUTES

between

THE TRUSTEES OF THE
UNITE HERE NATIONAL HEALTH FUND AND
THE TRUSTEES OF THE
UNITE HERE NATIONAL RETIREMENT FUND,
Petitioners,

and

138 TOP INC.,
Respondent.

**FINDINGS AND AWARD
07 – 25 – R**

Due notice having been given to the parties, a hearing was held before the undersigned in New York City on June 29, 2007.

A P P E A R A N C E S:

| | |
|---|---|
| The Arbitrator: | Dr. Philip Ross |
| For the Petitioners: | Mark Schwartz, Esq.<br>David C. Sapp, Esq.<br>Lawrence I. Kleinman<br>Evelyn Soto |
| For the Respondent: | No Appearance |

## FINDINGS

This proceeding was instituted by the service of a statutory Notice of Intention to Arbitrate, in which it was alleged that 138 Top Inc. (hereinafter, the "Respondent"), is a party to a Collective Bargaining Agreement (hereinafter, the "Agreement"), entered into between the Sportswear Apparel Association, Inc., of which Respondent is a member, and Local 23-25 and Local 10 of the New York Metropolitan Area Joint Board, UNITE HERE (hereinafter, the "Union"), and in which, pursuant to applicable law, the Respondent was notified that unless it applied to stay the proposed arbitration within 20 days after the service of the aforesaid Notice, it would be barred from putting in issue the making of the Agreement and its failure to comply therewith. More than 20 days have elapsed since the service of the aforesaid Notice at the time of the hearing in this proceeding, held as above stated, and no application to stay this proceeding has been made by the Respondent.

On the basis of the aforesaid Notice of Intention to Arbitrate, Respondent's failure to apply to stay this proceeding, and other evidence submitted,[1] I find that, as alleged by The Trustees of the UNITE HERE National Health Fund and The Trustees of the UNITE HERE National Retirement Fund (hereinafter, the "Petitioners"), the Respondent is obligated to comply with the terms of the Agreement with the Union; that, among other things, the Agreement in Article 26 Section 11 thereof provides as follows:

> Each Employer shall supply, furnish and make available to the Union at all times for examination any and all records or other information which the Union deems necessary.

A subpoena was duly served on the Respondent requiring it to produce at the hearing all of the relevant books and records from which could be computed the exact sums due to the Petitioners for the period of April 1, 2004 through September 30, 2006.

Based on an audit of the Respondent's payroll records conducted by the Petitioner, The Trustees of the UNITE HERE National Health Fund (hereinafter, the "Health Fund"), for the period from April 1, 2004 through September 30, 2006, the Health Fund alleges shortages in contributions made by the Respondent to the Health Fund in the amount of $87,525.50.

Based on an audit of the Respondent's payroll records conducted by the Petitioner, The Trustees of the UNITE HERE National Retirement Fund (hereinafter, the "Retirement Fund"), for the period from April 1, 2004 through September 30, 2006, the Retirement Fund alleges shortages in contributions made by the Respondent to the Retirement Fund in the amount of $2,608.00.

That demand for payment was duly made and refused and that there is now due and owing from the Respondent to the Health Fund in the sum of $87,525.50.

That demand for payment was duly made and refused and that there is now due and owing from the Respondent to the Retirement Fund in the sum of $2,608.00.

The Award which follows does not intend to and does not include any sums that may be due to the Petitioners for any period other than stated above, nor for any sums due to the Petitioners for the period stated above, and which would be shown upon further audit of the Respondent's books and records for such period, the results of such additional audit not being available to me as Arbitrator due to Respondent's failure to comply with the Subpoena directed to it.

---

[1] The evidence I reviewed included: (a) The Agreement; (b) The Notice of Intention to Arbitrate; (c) A summary of the calculation of the delinquent contributions and interest sought in this proceeding; and (d) A subpoena duly served on Respondent

The contract provides that:

> The Employer is obligated to "pay all the amounts due, including interest, default fees and legal fees incurred."
> The agreement further provides that the interest rate on delinquent contributions is 9%.
> The agreement also further provides that if an Employer is late in making a payment, the Employer shall pay a default fee of $100.00 for the first default.

The Respondent having failed to perform and comply with the terms and provisions of the Agreement, as hereinabove found, and such default having resulted in expenditures for the Petitioners and as provided for in the Agreement, I direct that the Respondent pay to the Petitioners, such expenditures as follows, each of which I find to be reasonable in amount: Arbitrator's fees, $50.00; a default fee of $100.00 as provided for in Article 26 Section 5(b) of the Agreement; legal fees, $75.00; for total costs of $225.00 to be paid by The Trustees of the UNITE HERE National Health Fund and $225.00 to be paid by The Trustees of the UNITE HERE National Retirement Fund.

In addition, I direct that in compliance with the provisions of ERISA, Section 502 (g) (2), the Respondent pay to the Petitioners "interest on the unpaid contributions" plus "an amount equal to the greater of: (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the [Petitioners'] plan in an amount not in excess of 20 percent." The Petitioners' plans do not provide for liquidated damages but provide for interest "at an annual rate equal to 9%." Therefore, I direct that in accordance with the statutory formula, Respondent pay Petitioners, The Trustees of the UNITE HERE National Health Fund the sum of $11,598.33 in interest and $11,598.33 in liquidated damages and The Trustees of the UNITE HERE National Retirement Fund the sum of $621.74 in interest and $621.74 in liquidated damages.

## AWARD

Accordingly, it is hereby determined and awarded as follows:

1.    There is due and owing from the Respondent to the Petitioner, The Trustees of the UNITE HERE National Health Fund, the sum of $87,525.50 by way of unpaid contributions; the sum of $11,598.33 by way of interest and the sum of $11,598.33 by way of liquidated damages provided for under ERISA, Section 502 (g) (2); the sum of $50.00 for Arbitrator's fees, a default fee of $100.00 as provided for in Article 26 Section 5(b) of the Agreement and the sum of $75.00

for legal fees; for a total amount of $110,947.16 in favor of the Petitioner and which total amount the Respondent is to pay Petitioner forthwith.

2.      There is due and owing from the Respondent to the Petitioner, The Trustees of the UNITE HERE National Retirement Fund, the sum of $2,608.00 by way of unpaid contributions; the sum of $621.74 by way of interest and $621.74 by way of liquidated damages as provided for under ERISA, Section 502 (g) (2); the sum of $50.00 for Arbitrator's fees, a default fee of $100.00 as provided for in Article 26 Section 5(b) of the Agreement and the sum of $75.00 for legal fees; for a total amount of $4,076.48 which total amount the Respondent is to pay Petitioner forthwith.

I further direct that the sum of $100.00 in Arbitrator's costs be payable to the Arbitrator, $50.00 by the Petitioners and $50.00 by the Respondent.

Dated: ___6\29\07___
New York, New York

_____
PHILIP ROSS, ARBITRATOR

4

**EXHIBIT B**

In the Matter of
ARBITRATION OF DISPUTES

between

THE TRUSTEES OF THE
UNITE HERE NATIONAL HEALTH FUND AND
THE TRUSTEES OF THE
UNITE HERE NATIONAL RETIREMENT FUND,
Petitioners,

and

138 TOP INC.
Respondent.

**NOTICE OF INTENTION
TO ARBITRATE**

Sir(s):

**PLEASE TAKE NOTICE** that pursuant to the Collective Bargaining Agreement (hereinafter, the "Agreement"), between the Sportswear Apparel Association, Inc. with Local 23-25 and Local 10 of the New York Metropolitan Area Joint Board, UNITE HERE entered into by 138 Top Inc. (hereinafter, the "Respondent"), and upon notice by The Trustees of the UNITE HERE National Health Fund and The Trustees of the UNITE HERE National Retirement Fund (hereinafter, the "Petitioners"), an arbitration will be held before Dr. Philip Ross of 525 West End Avenue, New York, New York 10024 (hereinafter, the "Arbitrator"), designated pursuant to the Agreement, on June 29, 2007, at 11:00 A.M., at the Offices of the Laundry, Dry Cleaning and Allied Workers Joint Board, UNITE HERE!, 275 7th Avenue, 7th Floor, New York, New York 10001, seeking an award against you for:

1. An audit deficiency due and owing to Petitioner, The Trustees of the UNITE HERE National Health Fund, for the period of 04/01/04-09/30/06 in the amount of $97,653.52, together with interest at the rate of 9% and $1,000.00 in audit fees as provided by the giving Collective Bargaining Agreement; and

2. An audit deficiency due and owing to Petitioner, The Trustees of the UNITE HERE National Retirement Fund, for the period of 04/01/04-09/30/06 in the amount of $3,181.82, together with interest at the rate of 9% and $1,000.00 in audit fees as provided by the giving Collective Bargaining Agreement.

together with INTEREST, ARBITRATOR'S FEES and EXPENSES, ATTORNEY'S FEES and the cost of the AUDIT, if awarded.

**PLEASE TAKE FURTHER NOTICE** that unless you apply to stay this arbitration within twenty (20) days after the service of this notice upon you, you shall be precluded from objecting that a valid agreement was not made or has not been complied with and from asserting in court the bar of a limitation of time.

Dated: June 6, 2007
      New York, New York

THE TRUSTEES OF THE
UNITE HERE NATIONAL HEALTH FUND AND
THE TRUSTEES OF THE
UNITE HERE NATIONAL RETIREMENT FUND

By: _____
Mark Schwartz, Esq. – MS 0148
Attorney for Petitioners
730 Broadway, 10th Floor
New York, New York 10003-9511
(212) 539-5275

Account No. 023I67082

Certified Return Receipt No. 7006 2150 0000 7834 8234

Please address all Inquires to:
Annie Habeeb at (212) 539-4231

```
In the Matter of
ARBITRATION OF DISPUTES

between

THE TRUSTEES OF THE
UNITE HERE NATIONAL HEALTH FUND AND
THE TRUSTEES OF THE
UNITE HERE NATIONAL RETIREMENT FUND,
Petitioners,

and

138 TOP INC.
Respondent.
```

**SUBPOENA
DUCES TECUM**

To:    138 Top Inc.
       138 Mulberry Street, 6th Floor
       New York, New York 10013

## GREETING:

**WHEREAS**, an action has been commenced before the Honorable Philip Ross, Impartial Chairman, between The Trustees of the UNITE HERE National Health Fund and The Trustees of the UNITE HERE National Retirement Fund (hereinafter, the "Petitioners"), and 138 Top Inc. (hereinafter, the "Respondent"), who are all the parties named in said action,

**NOW, THEREFORE, YOU ARE COMMANDED** to appear and attend before the Honorable Philip Ross, Impartial Chairman, at the Offices of the Laundry, Dry Cleaning and Allied Workers Joint Board, UNITE HERE!, 275 7th Avenue, 7th Floor, New York, New York 10001, on the 29th day of June 2007, at 11:00 A.M. in the morning, and at any recessed or adjourned date for the giving of testimony on all matters relevant to the arbitration hearing,

**AND YOU ARE FURTHER COMMANDED** to produce for examination at such time and place all your payroll records including but not limited to social security quarterly reports, weekly payroll journals, state employment insurance records, cash disbursements

book, and any other books or records which are required to determine your liability to the Petitioners for the period of 04/01/04–09/30/06.

**WITNESS**, Honorable Philip Ross, Impartial Chairman, at New York, New York on the 6th day of June 2007.

THE TRUSTEES OF THE
UNITE HERE NATIONAL HEALTH FUND AND
THE TRUSTEES OF THE
UNITE HERE NATIONAL RETIREMENT FUND

By: _____

Mark Schwartz, Esq. / MS 0148
Attorney for Petitioners
730 Broadway, 10th Floor
New York, New York 10003-9511
(212) 539-5275

Account No. 023I67082

Certified Return Receipt No. 7006 2150 0000 7834 8234

**EXHIBIT C**

BILL: 07ILL11

TO: 138 TOP INC.
138 MULBERRY STREET, 6TH/FL
NEW YORK, NY 10013

Page 1 of 2

## UNITE HERE FUND ADMINISTRATORS
212-539-4203
### PRELIMINARY AUDIT FINDINGS

| | Date: | 06/29/07 |
|---|---|---|
| | Firm #: | 023I67002 |
| | Association: | Sportswear App'l Asso |
| | Audit Period: | 04/01/04 - 09/30/06 |
| | Remitted Thru: | 09/30/06 |
| | Interest: | 9.00% COMPOUNDED |

| LINE # | DESCRIPTION | PERIOD FROM | THRU | Weeks/months CHARGEABLE | Weeks/months REPORTED | NOT REPORTED | RATE | FUNDS DUE | INTEREST # OF MO. | RATE | INTEREST DUE | TOTAL DUE FUNDS + INTEREST |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Under-reported employees | 04/01/04 - | 08/31/04 | 60 | - | 60 | $ 94.50 | $ 5,670.00 | 33 | 0.27964 | $ 1,585.54 | $ 7,255.54 |
| 2 | " | 09/01/04 - | 12/31/04 | 49 | - | 49 | $ 129.50 | $ 6,345.50 | 29 | 0.24196 | $ 1,535.34 | $ 7,880.84 |
| 3 | " | 01/01/05 - | 06/30/05 | 86 | - | 101 | $ 148.50 | $ 14,998.50 | 23 | 0.18751 | $ 2,812.33 | $ 17,810.83 |
| 4 | " | 07/01/05 - | 12/31/05 | 135 | - | 147 | $ 178.50 | $ 26,239.50 | 17 | 0.13544 | $ 3,554.00 | $ 29,793.50 |
| 5 | " | 01/01/06 - | 09/30/06 | 192 | - | 192 | $ 178.50 | $ 34,272.00 | 8 | 0.06160 | $ 2,111.12 | $ 36,383.12 |
| | **Subtotal for Health and Welfare** | | | 522 | - | 549 | | $ 87,525.50 | | | $ 11,598.33 | $ 99,123.83 |
| 6 | Under-reported employees | 04/01/04 - | 08/31/04 | 60 | - | 60 | $ 20.00 | $ 1,200.00 | 33 | 0.27964 | $ 335.56 | $ 1,535.56 |
| 7 | " | 09/01/04 - | 12/31/04 | 49 | - | 49 | $ 20.00 | $ 980.00 | 29 | 0.24196 | $ 237.12 | $ 1,217.12 |
| 8 | " | 01/01/05 - | 06/30/05 | 86 | - | 101 | $ 1.00 | $ 101.00 | 23 | 0.18751 | $ 18.94 | $ 119.94 |
| 9 | " | 07/01/05 - | 12/31/05 | 135 | - | 135 | $ 1.00 | $ 135.00 | 17 | 0.13544 | $ 18.29 | $ 153.29 |
| 10 | " | 01/01/06 - | 09/30/06 | 192 | - | 192 | $ 1.00 | $ 192.00 | 8 | 0.06160 | $ 11.83 | $ 203.83 |
| | **Subtotal for Retirement** | | | 522 | - | 537 | | $ 2,608.00 | | | $ 621.74 | $ 3,229.74 |
| 11 | Under-reported employees | 04/01/04 - | 08/31/04 | 60 | - | 60 | $ 0.25 | $ 15.00 | 33 | 0.27964 | $ 4.19 | $ 19.19 |
| 12 | " | 09/01/04 - | 12/31/04 | 49 | - | 49 | $ 0.25 | $ 12.25 | 29 | 0.24196 | $ 2.96 | $ 15.21 |
| 13 | " | 01/01/05 - | 06/30/05 | 86 | - | 101 | $ 0.25 | $ 25.25 | 23 | 0.18751 | $ 4.73 | $ 29.98 |
| 14 | " | 07/01/05 - | 12/31/05 | 135 | - | 135 | $ 0.25 | $ 33.75 | 17 | 0.13544 | $ 4.57 | $ 38.32 |
| 15 | " | 01/01/06 - | 09/30/06 | 192 | - | 192 | $ 0.25 | $ 48.00 | 8 | 0.06160 | $ 2.96 | $ 50.96 |
| | **Subtotal for Industry Promotion** | | | 522 | - | 537 | | $ 134.25 | | | $ 19.41 | $ 153.66 |

Page 2 of 2

**UNITE HERE FUND ADMINISTRATORS**
212-539-4203
**PRELIMINARY AUDIT FINDINGS**

Date: 06/29/07
Firm #: 0231167082
Association: Sportswear Apr'l Asso
Audit Period: 04/01/04 - 09/30/06
Remitted Thru: 09/30/06
Interest: 9.00% COMPOUNDED

BILL: 07/IL11

TO: 138 TOP INC.
138 MULBERRY STREET, 6TH/FL
NEW YORK, NY 10013

| LINE # | DESCRIPTION | PERIOD FROM | THRU | Weeks/months CHARGEABLE | Weeks/months REPORTED | NOT REPORTED | RATE | FUNDS DUE | INTEREST # OF MO. | RATE | INTEREST DUE | TOTAL DUE FUNDS + INTEREST |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 16 | Under-reported employees | 04/01/04 - | 08/31/04 | 60 | - | 60 | 0.25 | $ 15.00 | 33 | 0.27964 | $ 4.19 | $ 19.19 |
| 17 | " | 09/01/04 - | 12/31/04 | 49 | - | 49 | 0.25 | $ 12.25 | 29 | 0.24196 | $ 2.96 | $ 15.21 |
| 18 | " | 01/01/05 - | 06/30/05 | 86 | - | 101 | 0.25 | $ 25.25 | 23 | 0.18751 | $ 4.73 | $ 29.98 |
| 19 | " | 07/01/05 - | 12/31/05 | 135 | - | 135 | 0.25 | $ 33.75 | 17 | 0.13544 | $ 4.57 | $ 38.32 |
| 20 | " | 01/01/06 - | 09/30/06 | 192 | - | 192 | 0.25 | $ 48.00 | 8 | 0.06160 | $ 2.96 | $ 50.96 |
| | **Subtotal for Council of Amer. Fashion** | | | 522 | - | 537 | | $ 134.25 | | | $ 19.41 | 153.66 |

TOTAL FUNDS DUE $ 90,402.00

TOTAL INTEREST DUE $ 12,258.89

TOTAL DUE FUNDS + INTEREST $ 102,660.89

**Please issue check and mail with copy of this invoice to:**
UNITE HERE National Health Fund (ES Division)
PO Box 1454 GPO
New York, NY 10116-1454

DISPUTES MUST BE SUBMITTED IN WRITING WITHIN 65 DAYS IF NO DISPUTE SUBMITTED.
IF TOTAL DUE IS A CREDIT, PLEASE APPLY CREDIT TO NEXT MONTHS REMITTANCE AND ATTACH A COPY OF THIS INVOICE.

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In the Matter of
ARBITRATION OF DISPUTES

between

THE TRUSTEES OF THE
UNITE HERE NATIONAL HEALTH FUND AND
THE TRUSTEES OF THE
UNITE HERE NATIONAL RETIREMENT FUND,
Petitioners,

and

138 TOP INC.,
Respondent.

**AFFIDAVIT OF SERVICE**
**07 Civ. 6927 (LTS)**

---

STATE OF NEW YORK          )
                           ) ss.
County of New York         )

Annie Habeeb, being duly sworn, deposes and says:

1.     I am over 18 years of age, am not a party to this action and reside in the County of Suffolk, New York 11788.

2.     On August 3, 2007 I served the Respondent herein with a copy of the Notice of Petition dated August 3, 2007 and the Memorandum of Law dated August 3, 2007 by delivering a true copy of said Motion papers in an envelope addressed to the Respondent at 138 Mulberry Street, 6th Floor, New York, New York 10013 into the custody of the United States Postal Service at a Post Office within the State of New York for certified mailing, return receipt number 7006 2150 0000 7834 8388 and regular mail.

                                          _____
                                                    Annie Habeeb

Sworn to, before me, this
3rd day of August 2007

_____
    ARMAND SPILOTROS
Notary Public, State of New York
    No. 01SP4839358
  Qualified in Queens County
Commission expires July 31, 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of
ARBITRATION OF DISPUTES

between

THE TRUSTEES OF THE
UNITE HERE NATIONAL HEALTH FUND AND
THE TRUSTEES OF THE
UNITE HERE NATIONAL RETIREMENT FUND,
Petitioners,

and

138 TOP INC.,
Respondent.

**AFFIDAVIT OF SERVICE**
**07 Civ. 6927 (LTS)**

STATE OF NEW YORK    )
                     ) ss.
County of New York   )

Annie Habeeb, being duly sworn, deposes and says:

    1.    I am over 18 years of age, am not a party to this action and reside in the County of Suffolk, New York 11788.

    2.    On August 3, 2007 I served the Respondent herein with a copy of the Petition to Confirm Arbitration Award by delivering a true copy of said Motion papers in an envelope addressed to the Respondent at 138 Mulberry Street, 6th Floor, New York, New York 10013 into the custody of the United States Postal Service at a Post Office within the State of New York for certified mailing, return receipt number 7006 2150 0000 7834 8388 and regular mail.

_____
Annie Habeeb

Sworn to, before me, this
3rd day of August 2007

_____
ARMAND SPILOTROS
Notary Public, State of New York
No. O1SP4839358
Qualified in Queens County
Commission expires July 31, 2009

**EXHIBIT C**

COLLECTIVE AGREEMENT

SPORTSWEAR APPAREL ASSOCIATION, INC.

WITH

BLOUSE, SKIRT, SPORTSWEAR, CHILDREN'S WEAR AND ALLIED WORKERS'
UNION, LOCAL 23-25, UNITE HERE

and

AMALGAMATED LADIES' GARMENT CUTTERS' UNION,

LOCAL 10, UNITE HERE

Both Affiliated With The New York Metropolitan Area Joint Board,

UNITE HERE

———————

**2004-2007**

———————

percent wage increase.  In no event shall the cost of living adjustment exceed 4½ percent.

(c) If any provision of this agreement cannot be implemented because of any existing economic stabilization order, ruling or enactment, presidential, executive or otherwise, or any subsequent stabilization provision, then the Union at its option, may re-open and renegotiate this agreement at any time.

## BENEFIT FUNDS

### TWENTY-SIXTH: BENEFIT FUND CONTRIBUTIONS

1. The term "benefit funds" is the collective designation of the UNITE NATIONAL HEALTH FUND, (successor in interest to the I.L.G.W.U. Eastern States Health and Welfare Fund)(hereafter "Health Fund"), and the UNITE NATIONAL RETIREMENT FUND, (successor in interest to the I.L.G.W.U. National Retirement Fund (hereafter "Retirement Fund").

2. (a) (i) For the period June 1, 2004 to August 31, 2004 the terms and conditions of Article 26th in the prior collective agreement (2001-2004) shall remain in effect, including the contribution rates and other requirements set forth therein.

(ii)  Effective September 1, 2004, for each bargaining unit worker ("covered worker") the employer shall pay to the Benefit Funds the sum of one hundred and fifty ($150.00) Dollars per worker (which amount shall increase to

$180.00 effective July 1, 2005 and further increase to $210.00 effective July 1, 2006), for each month in which the covered worker is credited with eighty (80) hours or more of employment in the shop, (herein referred to as an "eligible covered worker") to pay for Individual Medical Coverage, Pharmaceutical Drug Benefits and Vacation Benefits as well as maintenance of accrued pension and existing industry contributions.

(b) In determining the number of hours worked by a covered worker the Employer shall credit the hours worked starting with the week ending the first Friday of the month up to and including the week ending the last Friday of the month.

(c)(i) No payment shall be due for a covered worker who worked less than eighty (80) hours in the month in the Employer's shop.

(ii) The Employer shall act in good faith to provide each covered worker with sufficient hours of work that will enable the covered worker to maintain eligibility for health and welfare benefits hereunder.

3.(a) The employer shall complete and return to the Union each month a remittance form supplied by the Union. The completed, filled out remittance form and a check for the amount due for each eligible covered worker shall be hand delivered to the Union, or if mailed, post marked not later than the tenth (10th) of the month following the month for which

-33-

the payment is due.

(b) The Union shall mail to each Employer a current remittance form on or about the fifteenth (15th) day of each month which has listed the names of covered workers known to the Union.  If an Employer does not receive a remittance form from the Union it is the Employer's responsibility to call the Union's benefit fund office to request that a remittance be immediately delivered to the Employer.

(c) Remittances shall list each covered worker employed by the Employer by correct name, social security number and shall set forth the amount of per capita payment being paid for each eligible covered worker.  The Employer is required to make all necessary corrections and to add to each monthly remittance the correct name and social security number of each new covered worker; the worker's employment start date or termination of employment date and the amount of per capita payment for each NEW eligible covered worker.  The Employer is also required to clearly note on the remittance form deletions related to covered workers who no longer are employed by the Employer.

4.(a) In the space provided on each monthly remittance form the Employer shall set forth the exact amount of payments received and deposited into the Employer's regular business bank account by the Employer from a contributing Union jobber or manufacturer (or other contractor who is responsible to make

-34-

employee benefit fund contributions under their collective bargaining agreement with the Union, the International or an affiliate thereof); (which firms are collectively referred to herein as "contributing jobbers"). Only payments received by the Employer from a contributing jobber and deposited into the Employer's regular business account in the then current calendar month shall be used to calculate the current calendar month's credit towards the monthly per capita payment owed to the benefit funds.

(b) The credit afforded each month to an Employer for payments received from "contributing jobbers" shall be calculated by multiplying the amounts deposited into the Employer's regular business account received from the "contributing jobber" by sixteen (16%) percent. At no time shall the credit exceed the total monthly remittance due. Credits that occur in one month cannot be used to reduce a prior month's obligation but may be carried forward for a period of up to three (3) months.

If upon audit of the Employer, or the "contributing jobbers", it is determined that a credit was improperly taken by the Employer, then the employer shall be required to remit the amount of the improper credit taken plus accrued interest at the rate of nine (9%) per annum; plus the sum of $1,000 for audit expenses; within ten (10) days of notification to the

employer by regular mail by the Fund that an erroneous credit was taken by the Employer.  Proof of correct payment by the Employer must be submitted within the ten (10) day period provided herein for payment.

5. (a) Should an Employer fail to hand deliver or post mark its payment of the remittance due on or before the tenth (10th) of the following month for which the remittance is due, then the Union or the benefit funds will forward a letter to the Employer and the Association requiring payment be made and post marked not latter than the 20th day of the month following the month for which the remittance is due.  The letter shall advise that if payment is not received on or before the 20th day of the month following the month for which the remittance is due that on the 25th of the month following the month for which the remittance is due each eligible covered worker employed by the Employer for whom the benefit funds have not received a per capita payment will be sent a letter advising that his or her benefits have been terminated effective with the first day of the month for which the remittance was due or retroactively to the last month for which contributions were received.  Once a worker's benefits are terminated due to an employer's failure to pay, the eligible covered worker's benefit will not be resumed until the Employer's full payments have been received, in addition to any additional months then due subsequent to the

month for which the Employer is delinquent in paying the per capita.

(b) Should an Employer be late in making a payment of the *per capita* due or fail to pay for any reason, (which term includes an Employer issuing a check returned uncollected for any reason), such that worker's benefits are terminated by the benefit fund, (referred to as an "event of default"), then the Employer shall pay, in addition to all other amounts due to the Benefit Funds, a default fee in the sum of $100.00 for the first "event of default"; $250.00 for the second "event of default"; and $500.00 for the third "event of default" which occurs within a rolling twelve month period starting with the first "event of default." Should more than three (3) "events of default occur within a rolling twelve (12) month period, then the Employer shall be required, upon demand of the Union or the Benefit Funds; to post a cash or security bond equal to three (3) months of benefit fund per capita payments due (based upon the employer's prior *per capita* obligation experience); in addition to paying past amounts due, default fees due and current *per capita* amounts due.

6. Should an employer report to the benefit funds that an otherwise eligible covered worker has not worked the requisite hours in a current month such that the Employer has not made a per capita payment on behalf of that eligible covered worker;

the benefit funds shall notify said eligible covered worker by
regular mail that the worker's benefits have been terminated.
Should the worker dispute the termination of benefits due to a
dispute as to the number of hours worked in any given month,
then the worker's benefits will be suspended pending an
investigation by the union or a benefit fund representative.
An eligible covered worker's benefits which have been
terminated will only be restored after payment has been
received by the benefit funds for the month(s) in question and
any subsequent months.

7. An Employer who manufactures garments or items, for any
jobber, manufacturer, person, firm, or corporation which is not
in contractual relations with Local 10 and Local 23-25 or Local
23-25 or with another affiliate of International, (eg., is a
non-contributing jobber or manufacturer regardless of existing
contractual relationships to UNITE HERE or an affiliate
thereof) or against which International or any affiliate
thereof, Local 10 or Local 23-25 has declared a strike, or who
is not otherwise required, under a collective agreement with
International or another affiliate thereof in another industry,
to make payments to a collectively bargained health and welfare
fund in such other industry and to the other benefit funds
named herein, shall pay monthly to Local 23-25 for and on
behalf of the benefit funds for its eligible covered workers

the required per capita benefit fund payment.

8.  No worker shall be required by an Employer to make any
contribution whatsoever to the benefit funds.  Workers shall
only be responsible to pay the monthly Co-pay, if any, that is
required to be paid by the Health Fund from time to time for
the coverage elected by the eligible covered worker.

9. (a) Each Employer shall remit payments to the Benefit
Funds not later than the 10th of each month for all monies due
to the Benefit Funds for the calendar month immediately
preceding.

(b) Together with such payments, the Employer shall
remit a statement setting forth the names and addresses of each
jobber, manufacturer, contractor, person, firm or corporation
for whom the employer performed production (whether Union or
non-contributing) and the gross amounts actually received by
the employer from each of them and the dates on which the
monies received were deposited into the employer's regular
business account.  The Employer shall also provide with the
above described statement a copy of each jobber's check that
has been deposited into the Employer's regular business
account.

10.(a)  The Employer shall submit quarterly a copy of its
WT-4-B (or its equivalent) on or before the expiration of 30
days after the end of each calendar quarter.

(b)    Should the Employer fail to remit such reports or payments to the Benefit Funds by the 20th of each month for the calendar month immediately preceding, it shall be deemed in non-compliance with this Agreement after Local 23-25 has given the Association ten (10) days' written notice of the Employer's default and the report or payment from such member has not been received by either the Benefit Funds or Local 23-25 within ten (10) days of that written notice.  Local 23-25 or the Benefit Funds shall also have the right to proceed against such member directly before the Impartial Chairman (a) for an award directing the Employer to remit its reports, and (b) for an award directing the Employer to pay all the amounts due, including interest, default fees, legal fees incurred and the *per capita* due.  In exceptional cases, the Association may, within ten (10) days of its member's default, apply to the Impartial Chairman for a hearing and if the Impartial Chairman finds there are justifiable reasons thereafter he may order such hearing, but the hearing must be held and the Impartial Chairman's decision must be rendered within the aforementioned ten (10) days.

(c) If the required payments of employee benefit fund contributions due under this article are not actually received by the Benefit Funds as such contributions are required to be paid, then either the Benefit Funds, or Local 23-25, on behalf

-40-

of the benefit funds, shall be entitled to collect, and the delinquent Employer shall be liable to pay interest at the annual rate of nine (9%) percent on the unpaid balance of said contributions chargeable from the first day employee benefit fund contributions were due to be paid under this Article.

11. Each Employer shall supply, furnish and make available to Local 23-25 and/or Local 10 at all times for examination any and all records or other information which Local 23-25 and/or Local 10 deems necessary.

12. The aforementioned *per capita* payments made by the Employer to the Benefit Funds or to Local 23-25 on behalf of the benefit funds shall be allocated and paid over as follows:

(a) **To the UNITE National Health Fund**

A sum equivalent to $95.00 for each eligible covered worker, which amount shall be $149.00 effective September 1, 2000 and which amount shall be $179.00 effective July 1, 2005 and which amount shall be $209.00 effective July 1, 2006; and which amount shall be $190.00 effective May 1, 2007.

(b) **To the Retirement Fund**

A sum equivalent to $20.00 for each eligible covered worker, which amount shall be, effective September 1, 2004 reduced to $1.00, until April 30, 2007; and effective May 1, 2007 shall be increased to $20.00 per month. For the period 1/1/05 to 5/1/07 the pension accruals of participants covered

by this Agreement shall be suspended and maintained by the allocated contribution.

The sum paid to the Benefit Funds or Local 23-25 on behalf of and allocated by it to the various funds referred to above shall be subject to a reasonable administration fee.

13. The benefits paid by each benefit fund shall not constitute or be deemed wages.

14. Either of the Benefit Funds or Local 23-25 shall be the proper party in interest to enforce the requirement that remittances or reports be forwarded and payments of amounts due from any defaulting Employer and such remedy shall be in addition to any other rights which either the Benefit Funds or Local 23-25 or Local 10 and Local 23-25 may have under this Agreement against such defaulting Employer.

15. The Board of Trustees or other body administering any of the benefit funds, except the UNITE National Retirement Fund, is hereby authorized and empowered, in its sole discretion and upon such basis as it deems desirable, to transfer or mingle the assets of or to merge said Fund with any other fund or funds now existing or hereafter established and provided in a collective agreement with the UNITE HERE or an affiliate thereof.  In the event of such mingling, transfer or merger, the amounts here-in-above provided to be allocated towards the respective funds shall thereafter be paid over to

the fund or funds with which there has been such mingling, transfer or merger.

16. Except as provided in paragraph 15 of this **ARTICLE TWENTY-SIXTH**, the monies of each benefit fund shall be kept separate and apart from all other monies.

17. Periodic audits of each benefit fund shall be made by accountants designated by the Board of Trustees. A statement of the results of each audit shall be made available for inspection by interested persons and the principal office of each benefit fund and at such other places as may be designated by its Board of Trustees.

18. Each benefit fund shall be maintained in accordance with its by-laws and/or rules and regulations.

19. The by-laws and/or rules and regulations of each benefit fund shall be a continuing fund and provide the methods of its operations if payments for or on its behalf are discontinued.

20. Only the assets of the respective benefit funds shall be available for the payments of benefits payable by that fund and only to the extent that such fund is solvent and able to make payments.

21. No benefit or monies payable from any of the benefit funds shall be subject in any manner to anticipation, alienation, sale, transfer, assignment, pledge, garnishee,

encumbrance, or charge and any attempt to so anticipate, alienate, sell, transfer, or otherwise assign, pledge, garnishee, encumber or charge any benefit fund shall be void. Nor shall any benefits be subject to or payable for the debts, contracts, liabilities or torts of any person entitled to receive such benefits.

Approval of an application for benefits by each fund constitutes an agreement between the covered worker and the fund that upon notice to each fund of any assignment, transfer, pledge, encumbrance, charge or loan against any benefits by such covered worker, or upon the issuance of any attachment, garnishee, or any other order or process of any court by which benefits payable by each fund to such covered worker shall be sought to be taken, in whole or part, all rights of such covered worker to any and all benefits accrued, or wherever payable, shall forthwith cease and terminate until the notice of assignment, transfer, pledge, encumbrance, charge or loan against his benefits has been canceled, or the attachment, garnishee, or other order or process of the court has been fully discharged.

22.   The benefit funds shall have no power to anticipate or advance the payment of any benefits to any covered worker.

23.   None of the corpus or income of any benefit shall revert to the Association or to any Employer or firm, or

Association of employers or firms, or to Local 10 and Local 23-25 or International or its affiliates.

24. No liability whatsoever shall attach hereunder to Local 10 or to Local 23-25, or to International, or to the Board of Trustees of the benefit funds, nor to any of the officers, agents, or representatives of any of the foregoing by reason of the alleged obligation arising out of or in connection with any of the benefit funds.

25. No liability whatsoever shall attach hereunder to any association under collective agreement or Employer under independent agreement with Local 10 and Local 23-25 or with Local 23-25, nor to any officers, agents, representatives of any of them by reason of any alleged obligation arising out of or in connection with any of the benefit funds, except that members of such Association and independent employers shall be obligated to make payments regularly to the Benefit Funds in the amount set forth here-in-above.

26. Only to the extent permitted by law, (i) neither the Board of Trustees of any of the benefit funds, its officers or members, nor any of the Committees thereof, its officers or members, shall be liable for any error of judgement or for any act of omission or commission in the performance of their duties in connection with the administration of any of the respective benefit funds or by reason of any fact or

-45-

circumstance arising out of the premises, except for their own intentional default or wilful misconduct if the same constitutes a wilful breach of trust, and (ii) the officers and members of the Board of Trustees and of the Committees of the respective benefit funds shall be indemnified by the benefit fund which they serve for any loss, damage, liability or expense which they may sustain by reason of their services for or on behalf of such benefit fund provided the same did not result from and was not occasioned by their own intentional default or wilful misconduct of the same constitutes a wilful breach of trust.

**UNITE NATIONAL HEALTH FUND**

27.   This Fund is a Taft Hartley Fund and is hereby continued during the term of this Agreement.

28. All monies allocated and paid over to the UNITE National Health Fund and all income and accumulations derived therefrom are hereby constituted an irrevocable trust.

29. Monies of the Fund shall be used pursuant to law for the following purposes:

(a) To provide eligible bargaining unit workers (except markers, graders, and cutters), who are within the geographical shop jurisdiction of Local 23-25, disability benefits, medical, surgical, hospital and post-hospital benefits, pharmaceutical, eyeglass benefits, life insurance

-46-

benefits and payment therefore, contributions towards vacation benefits which shall be paid wholly independent of and without relation to any particular vacation week in the year and irrespective of whether or not the worker takes a vacation.

(b) To provide such or other services, care and benefit for and on behalf of such workers, the spouses and minor dependents as are permitted by law;

(c) To make payments on a per capita basis for the maintenance and operation of Union Health Centers which service workers covered by the Fund and to pay such Centers for diagnostic and ambulatory health services rendered to such workers;

(d) To make payments on a per capita or other basis to provide vacation facilities to workers who are covered by the Fund;

(e) To contribute towards the maintenance and support of hospitals, sanitoria, centers, clinics, (including the Union Sanitorium Association, Inc., etc.), which service workers covered by the Fund without charge or give them priority in treatment; or to provide health seminars for workers covered by the Fund without charge.

(f) To make payments to the I.L.G.W.U. Death Benefit Fund of its charges to provide death benefits to beneficiaries of eligible workers who are covered by the Fund;

(g) To set aside sufficient reserves for ensuing years;

(h) To invest reserves; and

(i) To pay operating and administrative expenses of the Fund.

30. The Fund shall continue to be maintained and administered by representatives of Local 23-25 or other related UNITE HERE affiliates through a Board of Trustees selected by Local 23-25 or representatives of other related UNITE HERE affiliates. The Board of Trustees shall, among other things, have the power to determine the types and amounts of health and welfare benefits and other services and contributions toward vacation benefits which workers who are eligible therefor and the services, care and benefits which eligible workers, their spouses, and their minor dependents shall be entitled to receive, and to pay the same.

31. The Board of Trustees has adopted rules and regulations including the detailed basis upon which payments from the Fund will be made to eligible workers. The rules and regulations of the Fund are hereby incorporated herein by reference and made a part hereof and the parties hereto agree to be bound thereby. The Board of Trustees may add to, amend or modify the rules and regulations from time to time, without notice, whenever in its judgment it is necessary to do so to carry out more effectively the purposes of the Fund. Any

additions, amendments, or modifications, when adopted, shall supersede the previous rule or regulations and shall be deemed incorporated herein by reference and made a part hereof.

The aforementioned powers and duties of the Board of Trustees shall not be considered in any way whatsoever as a limitation on the powers and duties of the Board of Trustees to do any and all other things which may be necessary or incidental to the proper operation, administration and maintenance of the Fund to fully effectuate its purposes.

32.    The Fund is intended to be permanent and continuing. If, at the expiration of this Collective Agreement and/or independent agreements entered into by Local 10 and Local 23-25, or by Local 23-25, new agreements are entered into providing for payments by Employers to Local 23-25 intended for the Fund, Board of Trustees shall continue to effectuate the purposes of the Fund and shall continue to accept application for benefits subject to the rules and regulations of the Fund then in effect or any amendments which may thereafter be made thereto. However, if, at the expiration of the subsisting or any succeeding collective and independent agreements, Employers should no longer be obligated to make payments to Local 23-25 intended for the Fund, the Board of Trustees shall make adequate provision to continue, out of the monies in the Fund, to pay benefits in conformity with the rules and regulations of

the Fund then in effect or any amendments which may thereafter be made thereto; the balance, if any shall be used to provide benefits to any additional applicants therefor who are then qualified to receive the same in such amounts and in such form and manner and on such equitable and non-discriminatory basis as the Board of Trustees shall determine, until as many eligible workers have received benefits as the balance in the Fund will permit.

**Retirement Fund**

33. The parties hereto on behalf of themselves and their members hereby acknowledge that there has been heretofore established the Retirement Fund which constitutes an irrevocable trust.

34. The monies allocated to the Retirement Fund shall not be used for any purpose other than to provide benefits to workers on their retirement or to their beneficiaries on the death of such workers and to pay the operating and administrative expenses of the Fund.

35. The Retirement Fund is administered by a Board of Trustees composed of Union representatives and an equal number of representatives of Employer contributors to the Fund. The Board of Trustees of the Fund has adopted by-laws, rules and regulations that include the detailed basis upon which payments from the Fund will be made to eligible workers entitled to

benefits therefrom.  These by-laws, and rules and regulations are incorporated herein by reference and made a part hereof, and the parties hereto agree to be bound thereby.

36.  The by-laws and rules and regulations of the Fund provide that in the event the Board of Trustees shall be deadlocked on any issue or matter arising in connection with such Fund, the same shall be decided by a neutral person and his decision shall be final and binding.

37. The parties hereto ratify, confirm and approve the composition and the membership of the Board of Trustees as now constituted, and the composition and membership of the Board of Trustees as hereafter constituted under said by-laws and rules and regulations of the aforesaid Funds.

38. The Board of Trustees of the aforesaid fund shall have the power to modify, from time to time, such by-laws and rules and regulations, including the detailed basis upon which payments from the Fund are made to eligible workers entitled to benefits therefrom.  The parties hereto agree to be bound thereby and such modifications, when adopted, shall be deemed incorporated herein by reference and become a part hereof.  The aforementioned enumerated powers and duties of the Board of Trustees of the aforesaid Fund shall not be considered in any way whatsoever as a limitation in the powers and duties of the Board of Trustees of the aforesaid Fund to do any and all other

things that may be necessary or incidental to the proper operation, administration and maintenance of the aforesaid Funds as to fully effectuate its purposes.

**Rights In, To and Against Funds**

39.  No Employer shall have the right, title, interest or claim, legal or equitable, in or to any sum paid by it or by any other Employer to any of the aforesaid Funds themselves or to any of the monies thereof.

40.  No individual worker shall have any right, title, interest or claim, legal or equitable, against his Employer or in to his Employer's or any other employer's payments to the aforesaid funds or against Local 10, Local 23-25, International, or any Employer or any Association of Employer's.

41.  An applicant for benefits from any of the aforesaid Funds shall be deemed to be bound by all of the rules and regulations of the Funds existing at the time of his application and he shall have no interest, legal or equitable that may have been in effect prior to the filing of his application.  No rights shall accrue, in any event, unless and until the worker's application for benefits has been approved in which case the rights of such worker shall be limited to those specifically awarded by each of the aforesaid Funds.

## UNION LABEL

**TWENTY-SEVENTH:** Each member of the Association shall affix the UNITE HERE union label to all garments manufactured in its

hereto shall confer for the consideration of such proposed changes, modifications, or additions.

IN WITNESS WHEREOF, the parties hereto have caused these presents to be signed by their respective officers, the day and year first above written.

SPORTSWEAR APPAREL ASSOCIATION, INC.

By: _____
Paul Lau, Executive Director

BLOUSE, SKIRT, SPORTSWEAR, CHILDREN'S WEAR AND ALLIED WORKERS' UNION, LOCAL 23-25, UNITE HERE

By: _____
May Chen, Manager

AMALGAMATED LADIES' GARMENT CUTTERS' UNION, LOCAL 10, UNITE HERE

By: _____
Richard Guido, Manager

A:\SPAA.04 9/23/04 ebc

AGREEMENT AND DECLARATION OF TRUST
UNITE HERE NATIONAL HEALTH FUND

Amended and Restated Effective as of December 31, 2006

Section 4.04      An Employer is obligated to furnish to the Trustees or their designee information and/or reports, in such form and manner as required by the Trustees, which may include the names of the employees, their Social Security numbers, the hours worked by each employee (including employees not covered by the Fund's plan of benefits as the Trustees may reasonably require), paid hours, unpaid hours, vacation, sick leave and such other information as the Trustees may require in connection with the administration of the Fund.

Section 4.05      An Employer is obligated to make available to the Trustees, the Fund's counsel, auditors, or designee for inspection and copying at reasonable times on the premises of the Employer, its payroll and/or other records whenever the Trustees consider such an examination to be reasonably necessary or appropriate.

Section 4.06      If the Trustees or Administrator deem(s) it necessary or appropriate to audit an Employer's Contributions to the Fund, upon request, such Employer is obligated to furnish to the Fund or its designee (the "Auditor") its payroll and other personnel and financial records with respect to present or former employees of the Employer which are necessary for the Auditor to determine the accuracy and completeness of the Contributions remitted to and the reports filed with the Fund by the Employer.

Section 4.07      No Employer shall be entitled to, or may require, the return of any part of the Fund or any part of its Contributions or other payments except that: (a) a Contribution that is made by an Employer by a mistake of fact or law may, if the Trustees conclude that the facts and circumstances so warrant, be credited to the Employer (except as otherwise determined by the Trustees) by the Trustees within six (6) months after the Trustees, in their sole discretion, determine that the Contribution was made by mistake; and (b) a Contribution conditioned upon the deductibility of the Contribution under the Code may be credited to an Employer by the Trustees, at the discretion of the Trustees, within one (1) year after a disallowance of the deduction.

## ARTICLE V – DEFAULT BY AN EMPLOYER

Section 5.01      The Trustees shall from time to time adopt a collection policy that shall provide that an Employer who does not make Contributions within a certain time frame shall be deemed in default of its obligations under the Trust Agreement. If an Employer defaults on its obligations to make Contributions to the Fund, the Trustees or the Administrator may commence against the Employer, or any other individual or entity that may be liable to the Fund for the Contributions, an action in court or an arbitration. The Employer (or other individual or entity) shall be liable to the Fund for all costs incurred by the Fund in collecting such delinquent amounts, including arbitration fees, interest, auditors' fees, attorneys' fees and costs, court costs (including filing fees and service of process costs), incurred by the Fund in the collection of the Employer's Contributions or other payments. The Employer (or other individual or entity) shall also be liable to the Fund for: interest at the rate of one percent (1%) per month or part thereof or at such other rate as the Trustees may from time to time determine, and liquidated damages at an amount equal to the greater of interest on the delinquent Contributions or twenty percent (20%) of the delinquent Contributions.

AGREEMENT AND DECLARATION OF TRUST
UNITE HERE NATIONAL RETIREMENT FUND

Amended and Restated Effective as of December 31, 2006

modifications thereof, established for the payment by the Trustees of benefits from the Fund in accordance with such rules and regulations relating to eligibility requirements, amount, and computation of benefits, and the general administration and operation of the Fund as the Trustees may from time to time adopt and promulgate.

Section 12.    The term "Trustees" shall mean the members of the Board of Trustees of the UNITE HERE National Retirement Fund and any successor Trustees designated and appointed as provided in this Agreement and Declaration of Trust. The Board of Trustees shall be deemed to be the Plan Administrator as that term is defined by ERISA.

Section 13.    The term "Union" shall mean UNITE HERE, which was formed by the merger of UNITE and HERE on July 8, 2004, and/or its affiliates and predecessors, as applicable.

## ARTICLE II – NAME

This Fund shall be known as the UNITE HERE National Retirement Fund.

## ARTICLE III – PURPOSE

Section 1.    The Fund shall comprise the entire assets derived from Contributions together with all investments made and held by the Trustees, including monies received by the Trustees as Contributions, withdrawal liability, or as income or earnings from investments made by the Trustees or otherwise, and any other funds or property, received and/or held by the Trustees for the uses and purposes set forth in this Agreement.

Section 2.    Title to all monies paid into and/or due and owing to the Fund shall be vested in and remain exclusively in the Trustees in their capacity as Trustees. Contributions made or required to be made pursuant to a Participation Agreement or collective bargaining agreement or otherwise shall be deemed Fund assets whether or not they are collected.

## ARTICLE IV – CONTRIBUTION OBLIGATIONS OF AN EMPLOYER

A.    CONTRIBUTION OBLIGATIONS OF AN EMPLOYER

Section 1.    An Employer under this Trust Agreement is obligated to make Contributions to the Fund when due, as required by a Participation Agreement, collective bargaining agreement, or applicable law.

Section 2.    An Employer is deemed to have accepted and become bound by this Agreement and Declaration of Trust and any subsequent amendments thereto by contributing to or having an obligation to contribute to the Fund.

Section 3.    An Employer is obligated to furnish to the Trustees or their designee information and/or reports, in such form and manner as required by the Trustees, which may include the names of the employees, their Social Security numbers, the hours worked by each employee (including employees not covered by the Fund's plan of benefits as the Trustees

10301590.1                                3

may reasonably require); paid hours, unpaid hours, vacation, sick leave and such other information as the Trustees may require in connection with the administration of the Fund.

Section 4.    An Employer is obligated to make available to the Trustees, the Fund's counsel, auditors, or designee for inspection and copying at reasonable times on the premises of the Employer, its payroll and/or other records whenever the Trustees consider such an examination to be reasonably necessary or appropriate.

Section 5.    If the Trustees or Administrator deem(s) it necessary or appropriate to audit an Employer's Contributions to the Fund, upon request, such Employer is obligated to furnish to the Fund or its designee (the "Auditor") its payroll and other personnel and financial records with respect to present or former employees of the Employer which are necessary for the Auditor to determine the accuracy and completeness of the Contributions remitted to and the reports filed with the Fund by the Employer.

Section 6.    No Employer shall be entitled to, or may require, the return of any part of the Fund or any part of its Contributions or other payments except that:  (a) a Contribution that is made by an Employer by a mistake of fact or law may, if the Trustees conclude that the facts and circumstances so warrant, be credited to the Employer (except as otherwise determined by the Trustees) by the Trustees within six (6) months after the Trustees, in their sole discretion, determine that the Contribution was made by mistake; and (b) a Contribution conditioned upon the deductibility of the Contribution under the Code may be credited to an Employer by the Trustees, at the discretion of the Trustees, within one (1) year after a disallowance of the deduction.

B.    DEFAULT BY AN EMPLOYER

Section 1.    The Trustees shall from time to time adopt a collection policy that shall provide that an Employer who does not make Contributions within a certain time frame shall be deemed in default of its obligations under the Trust Agreement. If an Employer defaults on its obligations to make Contributions to the Fund, the Trustees or the Administrator may commence against the Employer, or any other individual or entity that may be liable to the Fund for the Contributions, an action in court or an arbitration. The Employer (or other individual or entity) shall be liable to the Fund for all costs incurred by the Fund in collecting such delinquent amounts, including arbitration fees, interest, auditors' fees, attorneys' fees and costs, court costs (including filing fees and service of process costs), incurred by the Fund in the collection of the Employer's Contributions or other payments. The Employer (or other individual or entity) shall also be liable to the Fund for: interest at the rate of one percent (1%) per month or part thereof (or at such other rate as the Trustees may from time to time determine), and liquidated damages at an amount equal to the greater of interest on the delinquent Contributions or twenty percent (20%) of the delinquent Contributions.

Section 2.    In the event that an Employer fails:  to provide adequate reports or records; to provide adequate information when the Trustees or the Administrator request such information pursuant to the Retirement Plan, this Agreement, or the applicable law; or to permit audits by the Fund, the Trustees or Administrator may a commence legal action in court or an

arbitration against the Employer or any other individual or entity that may be liable to the Fund. If the Employer is deemed to have violated its obligations under this Agreement and Declaration of Trust, the Employer shall pay the costs of the action or arbitration, including arbitration fees, attorneys' fees and costs, and court costs (including filing fees and service of process costs).

**Section 3.**     Nonpayment by an Employer of any Contribution or other monies owed to the Fund shall not relieve any other Employer from its obligations to make required payments to the Fund.

**Section 4.**     The Trustees may require any Employer who, in the opinion of the Trustees, demonstrates a habitual pattern of delinquency of payments of Contributions to the Fund to remit to the Fund an advance deposit, obtain a letter of credit, provide payment into an escrow account, and/or provide appropriate security as the Trustees may require, for up to three (3) months of Contributions.

## ARTICLE V – TRUSTEE OFFICES, MEETINGS, AND DESIGNATION

### A.     SELECTION OF TRUSTEES

**Section 1.**     Subject to vacancies, there shall be twenty-four (24) Trustees, twelve (12) of whom shall be designated by the Union (the "Union Trustees") and twelve (12) of whom shall be designated by the Employers (the "Employer Trustees").

**Section 2.**     Each of the aforesaid Union Trustees and each of their successors shall serve as a Trustee hereunder only if he or she is an officer or employee of the Union or of an affiliate of the Union. Each Employer Trustee and each of their successors shall serve as an Employer Trustee hereunder only if he or she, or the firm or corporation of which he or she is a member, officer, director or employee, or the members of the Employer's association of which he or she is a representative, is a party to a collective bargaining agreement with the Union which provides for the making of Contributions to the Fund.

**Section 3.**     The Trustees shall use reasonable efforts to have twelve (12) Union Trustees and six (6) Employer Trustees. To the extent that there is an unequal number of Union Trustees and Employer Trustees at any one time, the Union Trustees as a whole and the Employer Trustees as a whole shall have equal representation by having an equal number of votes.

**Section 4.**     Each and every successor Trustee shall, upon the acceptance in writing of the position of Trustee filed in the office of the Fund and the terms of this Agreement, be vested with all the rights, powers, and duties of his or her predecessor, except that he or she shall not automatically assume the office of Chairperson or Secretary if the predecessor held one of these offices.

**Section 5.**     The Trustees accept their appointment as Trustees and consent to act as Trustees, and agree that they will receive and hold all Contributions and any other money or property or contract which may come into their custody or under their control as Trustees,