UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of
THE ARBITRATION
between
THE TRUSTEES OF THE
UNITE HERE NATIONAL HEALTH FUND and
THE TRUSTEES OF THE
UNITE HERE NATIONAL RETIREMENT FUND,
Petitioners,

and

138 TOP INC.,
Respondent.

AFFIDAVIT IN SUPPORT
OF ENTRY OF
DEFAULT JUDGMENT
07 Civ. 6927 (LTS)

USDC SDNY
DOCUMENT
ELECTRONICALLY [FILED]
DEC 0 4 2007

*The within application is granted and the Clerk of Court is respectfully requested to enter judgment. SO ORDERED.*
*12/3/07*
**LAURA TAYLOR SWAIN U.S.D.J.**

STATE OF NEW YORK    )
                     ) ss.
COUNTY OF NEW YORK   )

MARK SCHWARTZ, ESQ., being duly sworn, deposes and says:

1. I am the attorney for The Trustees of the UNITE HERE National Health Fund and the Trustees of the UNITE HERE National Retirement Fund (hereinafter, the "Petitioners"), am duly admitted to practice law before the Honorable Court and am fully familiar with the prior proceedings had herein.

2. I make this Affidavit pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Rule 55.2(b) of the Civil Rules of this Court in support of the Petitioner's Application for Entry of Default Judgment against 138 Top Inc. (hereinafter, the "Respondent").

3. This proceeding was commenced on August 2, 2007 by filing a Petition to Confirm the Arbitration Award of Philip Ross, dated June 29, 2007 (hereinafter, the "Petition"), awarding $87,525.50 in delinquent contributions owed to Petitioner, The Trustees of the UNITE HERE National Health Fund and $2,608.00 in delinquent contributions owed to Petitioner, The Trustees of the UNITE HERE National Retirement Fund together with interest, liquidated damages, fees and costs pursuant to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1001 et seq. A copy of the Petition and supporting documentation is annexed hereto, as **Exhibit A**.

4. The Respondent defaulted in appearing at the arbitration proceeding that resulted in the June 29, 2007 arbitration award.

5. At the arbitration the Petitioners provided the Arbitrator with the following proof of the Respondent's liability:

    a.    The provisions of the collective bargaining agreement obligating Respondent to make employee benefit contributions to Petitioners and obligating the parties to arbitrate disputes, including disputes over delinquent employee benefit fund contributions;

    b.    The Notice of Intention to Arbitrate;

Respondent, requiring Respondent to produce all books and records necessary to compute the exact sum owing to Petitioners by Respondent; and

    d.  An exhibit showing the period for which the award was sought and that by application of the contribution rates for each delinquent month resulted in a total liability of $87,525.50 owed to the Trustees of the UNITE HERE National Health Fund and in a total liability of $2,608.00 owed to the UNITE HERE National Retirement Fund (See, Exhibit A and C attached to the August 2, 2007 Petition to Confirm Arbitration Award). The Arbitrator awarded these amounts to the Petitioners. The Petitioners also proved to the arbitrator that the Respondent had failed to produce its books and records as required by a subpoena so that an award based on an average of Respondent's prior contributions was proper.

  6.  As the record presented to Arbitrator Ross is a sufficient basis for the Award, the instant petition complies with the standard for default judgments established in D.H. Blair & Co., Inc. –v. – Gottidiener, 462F.3d 95 (2d Cir. 2006).

  7.  This proceeding seeks Judgment for the Trustees of the UNITE HERE National Health Fund for the principal amount of $87,525.50 in delinquent contributions, $11,598.33 in interest through the date of the Award, $11,598.33 in liquidated damages, $50.00 for the arbitrator's fees, $100.00 for a default fee as provided in Article 26, Section 5(b) of the collective bargaining agreement underlying the Award, $75.00 for legal fees, $4,376.27 for pre-judgment interest from the date of the Award through October 22, 2007 all totaling $115,323.43. This proceeding also seeks judgment for the Trustees of the UNITE HERE National Retirement Fund for the principal amount of $2,608.00 in delinquent contributions, $621.74 in interest through the date of the Award, $621.74 in liquidated damages, $50.00 for the arbitrator's fees, $100.00 for a default fee as provided in Article 26, 5(b) of the collective bargaining agreement underlying the Award, $75.00 for legal fees, $130.40 for pre-judgment interest from the date of the Award through October 22, 2007 all totaling $4,206.88. The proceeding also seeks costs of $350.00. The amounts sought are justly due and owing and no part of which have been paid.

  8.  This Court has subject matter jurisdiction over the within action pursuant to ERISA Section 502(f), 29 U.S.C. § 1132(f).

  9.  This Court has personal jurisdiction over the Respondent in accordance with the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(e)(2) which provides in pertinent parts:

Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where defendant resides or may be found, and process may be served in any other district where defendant resides or may be found.

10. Respondent was served on August 3, 2007 with a copy of the Petition together with the Notice of Petition and Memorandum of Law by regular mail and certified mail, return receipt requested, addressed to Respondent's business premises at 138 Mulberry Street, 6th Floor, New York, New York 10013. Copies of the Affidavits of Service are annexed hereto, as **Exhibit B**. Such service was in accordance with the provisions of the Collective Bargaining Agreement Article 44 thereof entered into by the Respondent. A copy of the Collective Bargaining Agreement is annexed hereto, as **Exhibit C**.

11. The time for the Respondent to answer or otherwise move with respect to the Petition has expired, and to date the Respondent has failed to answer or otherwise move with respect to the Petition.

12. No extensions of time to answer or otherwise move with respect to the Petition have been requested or granted.

13. The Respondent is not an infant or incompetent person or in the military service of the United States.

14. The Respondent has defaulted in appearance in the within action, which default has been duly noted by the Clerk of this Court as reflected in the Clerk's Certificate annexed to these papers.

15. To date, the Respondent has not paid any portion of the debt due to the Petitioners and the total debt remains outstanding.

16. No previous application for the relief requested herein has been made.

**WHEREFORE**, it is respectfully requested that the Court enter the annexed proposed default judgment against Respondent.

_____
Mark Schwartz Esq – MS 0148

Sworn to, before me, this
29th day of October 2007.

_____
ARMAND SPILOTROS
Notary Public, State of New York
No. 01SP4839358
Qualified in Queens County
Commission expires July 31, 2009